[No. 12198.   Department One. — December 18, 1889.]

THOMAS   MORAN,   RESPONDENT,   v.   JOHANNE
GARDEMEYER   ET AL., APPELLANTS.

ESTATES OF DECEASED PERSON — ALLOWANCE OF CLAIM SECURED BY MORT-
GAGE — FORECLOSURE — COSTS AND COUNSEL FEES. — *Moran* v. *Garde-
meyer, ante,* p. 96, reaffirmed.

ID. — ALLOWANCE OF CLAIM SECURED BY CROP MORTGAGE — MORTGAGE OF
REALTY SECURING FUTURE ADVANCES. — A claim against a mortgagor
of real estate upon a note executed long after the date of the mortgage,
which designates that it is secured by crop mortgage, and which has
been regularly presented and allowed as a claim against the estate of
the deceased mortgagor, secured by crop mortgage, cannot be foreclosed
in whole or in part, as a claim for future advances under the terms of
the real estate mortgage, where no attempt is made to show that the
security of the crop mortgage has been exhausted.   Whether a claim for
a deficiency under the crop mortgage could be held as secured by the
mortgage for future advances, or must be remitted to be paid merely as
an established claim in the course of administration, is not decided.

APPEAL from a judgment of the Superior Court of
Alameda County.

The facts are stated in the opinion of the court.

*Naphtaly, Freidenrich & Ackerman,* for Appellants.

*A. M. Rosborough,* and *George Shaw,* for Respondent.

Fox, J. — With the exception that the amounts are
different, and the mortgage is upon different property,
this case is exactly like No. 12197, between the same
parties, decided this day, in all that relates to the cause
of action set out in the first count of the complaint, and
in all that relates to the course of procedure in the cause,
and the judgment and decree therein rendered.   Without
repeating the history of the case in detail, on the author-
ity of the decision in said No. 12197, we hold that the
objection to the judgment and decree is not well taken,
so far as the same relates to the cause of action set out
in the first count of the complaint.

The mortgage was exactly the same as the other on the subject of future advances and indebtedness.   Long after the date of the mortgage and of the note therein set out (the subject-matter of the first count), the mortgagor made and executed to the mortgagee, plaintiff herein, his promissory note for the sum of $1,303, payable on the 1st of September, 1884, with interest at the rate of one per cent per month, which note contained these clauses: "In case of suit to collect this note, or any part thereof, I agree to pay attorney's fees and costs of court, which shall be included in the judgment.   This note is secured by *crop mortgage.*"

In due course plaintiff presented his claim against the estate of the mortgagor, upon this note, asserting that it was secured by crop mortgage, as shown upon its face, but making no pretense that it or any part of it was secured by the mortgage now in suit, or otherwise than by such crop mortgage.   It was regularly allowed as presented.

Now in this foreclosure he sets it up as a separate cause of action, in a second count to his complaint, and prays that it be decreed that as to five hundred dollars of the amount, with the interest thereon, it is secured by this mortgage, and that it be included in the judgment of foreclosure, with judgment docketed against the estate for the deficiency, if there be any.

As before, there is no direct averment in the complaint that this note was secured by this mortgage, to any extent, and the note itself, and the claim as presented to the executors, negative the proposition that it was so secured, by showing affirmatively that it was otherwise secured.   If the note had been silent on the subject of security, under the well-established rule in regard to mortgages given to secure future indebtedness, we should have been constrained to hold that it was secured by the mortgage in suit to the extent of the limitation therein prescribed.   But as to this note the plaintiff has accepted

it, expressing upon its face that it is otherwise secured as to its entirety, and with no expression indicating that it is secured by this mortgage, either in whole or in part. He has failed anywhere to advise the executors that it is so secured. We must hold that if he could resort to this security at all upon that note, it could only be for the deficiency, after exhausting the other security. And it is by no means certain that he could do that,—that as to such deficiency, if there should be one, he would not be remitted to his established claim against the estate, to be paid in due course of administration. It is un- necessary to decide that question here, for in this case he has made no attempt to show that he has exhausted the direct security given for the payment of that note.

It follows that the judgment and decree in this case must be reversed, so far as it is based upon the cause of action set out in the second count of the complaint, and the case be remanded for further proceedings in accordance with this opinion.

So ordered.

WORKS, J., and PATERSON, J., concurred.